UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE LEE MCFERRIN JR.  an individual,

        Plaintiff,

v.                                 Case No. 1:26-        CV
                                    Hon.:

THOMAS ROSE, individually,

        Defendant.

| | |
|---|---|
| William F. Piper (P38636)<br>William F. Piper, P.L.C.<br>***Attorney for Plaintiff***<br>9848 Portage Rd.<br>Portage, MI 49002<br>Phone: 269.321.5008<br>Fax: 269.321.5009<br>Email: wpiper@wpiperlaw.com | |

## **COMPLAINT**

The plaintiff Clarence Lee McFerrin Jr., by and through his attorney Willaim F. Piper, PLC, for his complaint, states as follows.

## **JURISDICTIONAL ALLEGATIONS**

1.      The plaintiff is an African-American man who is a resident of the County of Kalamazoo, State of Michigan, and he was so at all times relevant to this complaint.

2.      The defendant Thomas Rose was a Kalamazoo County sheriff's deputy at all times relevant to this complaint.

3.      This lawsuit arises out of an incident that occurred on May 30, 2025 in which the defendant struck Mr. McFerrin unreasonably in the face while Mr. McFerrin was restrained in a chair in the Kalamazoo County jail.

4.      This action arises under 42 USC § 1983.

5.      The defendant, at the time of the incident described in paragraph 3 above, was acting under color of state law but not under a legitimate exercise of governmental authority.

## COMMON ALLEGATIONS

6.      The plaintiff restates and realleges as though fully set forth herein paragraphs 1-5 of this complaint.

7.      On May 30, 2025 Mr. McFerrin was arrested for a bond violation and malicious destruction of a police vehicle, and he was brought to the Kalamazoo City Jail.

8.      Mr. McFerrin, knowing that he was angry, and knowing his mental health issues, asked to be placed in a restraint chair for his own safety and the safety of others.

9.      Various deputies placed Mr. McFerrin in a restraint chair, securing his arms in  restraints behind his back.

10.     Other deputies were in the process of removing Mr. McFerrin's right shoe, with his right leg restrained in the chair, when Mr. McFerrin reflexively stiffened his legs.

11.     Mr. McFerrin took no actions whatsoever that could have appeared to threaten the safety of the defendant Rose or any other deputy.

12.     The defendant Rose, who was near Mr. McFerrin's face, and fearing no danger from him whatsoever, hit Mr. McFerrin with an empty fist unnecessarily and unreasonably in the face and mouth.

13.    The actions of the defendant Rose caused Mr. McFerrin immediately to suffer pain, anger, humiliation, embarrassment, and degradation.

14.    Mr. McFerrin's face, as a result of the defendant's conduct, became swollen and bruised on the outside, and he had swelling on the inside of his mouth.

15.    The defendant Rose then put his hands over Mr. McFerrin's mouth and pressed on it, causing him more pain.

16.    The defendant then placed a spit mask over Mr. McFerrin's head and mouth, even though Mr. McFerrin had not attempted to spit and had not been spitting.

17.    Mr. McFerrin then became distressed and upset, and he began panicking.

18.    As a result of the aforementioned incident Mr. McFerrin suffered and will continue to suffer physical pain and suffering, emotional distress, humiliation, embarrassment, degradation, obloquy, a loss of enjoyment of life and other damages.

## COUNT I – EXCESSIVE FORCE

19.    The plaintiff restates and realleges as though fully set forth herein paragraphs 1-18 of this complaint.

20.    At the time of the incident described in this complaint, Mr. McFerrin was a pretrial detainee.

21.    It is clearly established under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States that a public safety officer or jail officer cannot use gratuitous, unnecessary and unreasonable force against a pretrial detainee.

22.    The defendant Rose could not reasonably have believed that his actions in using the force he used against the plaintiff as described above were within the constitutional limitations on the

exercise of his authority under the Fourteenth Amendment to the Constitution of the United States.

23.    As a result of the conduct of the defendant set forth above Mr. McFerrin suffered and will continue to suffer the damages set forth above.

24.    This claim is actionable under 42 USC § 1983.

WHEREFORE, the plaintiff requests a judgment against the defendant in an amount sufficient to compensate him for his injuries and damages past and future plus punitive damages, interest, costs and attorney's fees.

## COUNT II - BATTERY

25.    The plaintiff restates and realleges as though fully set forth herein paragraphs 1-24 of this complaint.

26.    The actions of the defendant Rose against the plaintiff described above constitute a battery.

27.    As a result of the battery described above the plaintiff suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment against the defendant in an amount sufficient to compensate him for his injuries and damages past and future plus interest, costs and attorney's fees.

Dated: March 26, 2026

WILLIAM F. PIPER, PLC.
Attorney for Plaintiff

By:    /s/ William F. Piper
William F. Piper (P38636)
BUSINESS ADDRESS:
9848 Portage Rd.
Portage, Michigan 49002
Phone: 269.321.5008
Fax: 269.321.500